UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BARNEY MOSTELLA, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:13-cv-01899-LSC-JHE |
| KENNETH JONES, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OF OPINION**

On February 17, 2017, the magistrate judge entered a Report and Recommendation, (doc. 14), recommending that the petition for writ of habeas corpus be dismissed with prejudice. After he was granted an extension of time to object to the Report and Recommendation, (docs. 15 & 16), Petitioner Barney Mostella ("petitioner" or "Mostella") filed his objections on March 16, 2017. (Doc. 17). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Most of Mostella's objections reargue claims presented in his petition and traverse. The magistrate judge addressed those claims in full in his report and recommendation, and the Court finds no error in them. To the extent Mostella raises objections to the report and recommendation not already addressed by the magistrate judge, the Court considers them below.

Mostella argues the magistrate judge erred in assessing his actual innocence argument by concluding Mostella was not actually innocent due to his guilty plea, and he argues "[a] determination of [his] case must be by United States Supreme Court decisions, not 11th Circuit cases or any other circuit cases." (Doc. 17 at 3). (*Id.* at 3-4). However, Mostella's objection is

not well taken for two reasons. First, the magistrate judge did not rely on Mostella's guilty plea as a total bar to a showing of actual innocence. (*See* doc. 14 at 9) ("However, even assuming the actual innocence gateway were available to him given his guilty plea, Mostella has not offered any new, reliable evidence that was not available at the time of his plea."). He correctly observed, however, that Mostella's guilty plea presents a difficulty a petitioner who had not pleaded guilty would not face: namely, the "formidable barrier" presented by an admission of guilt, which Mostella's purported showing of actual innocence did not overcome. (Doc. 14 at 10) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)). Second, this Court is bound by the decisions of the Eleventh Circuit, and contrary to Mostella's argument a judge of this Court *must* take Eleventh Circuit decisions into account in ruling upon a habeas petition.

Continuing his assertions of error in the magistrate judge's assessment of his actual innocence argument, Mostella states he was not ordered by the magistrate judge to present any new evidence, and he argues that the magistrate judge should have ordered an evidentiary hearing to obtain from the state the evidence Mostella says proves his innocence. (Doc. 17 at 3-7). However, Mostella's burden under *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) to present "new reliable evidence" is not triggered by court order; it is a threshold requirement of a showing of actual innocence. *See id.* at 324 ("To be credible, [an actual innocence] claim requires a petitioner to *support his allegations* of constitutional error with new reliable evidence . . . that was not presented at trial.") (emphasis added). Mostella has presented no new evidence at all. To excuse this, he points to his indigence, but it is not clear how his indigence is alleged to have prevented him from obtaining new evidence—if such evidence even exists. To the extent that he argues an evidentiary hearing would allow him to gather evidence

2

which he does not currently possess, this is simply a restatement of an argument Mostella advanced in his petition and traverse, and the magistrate judge did not err in rejecting it, in part by noting the evidence Mostella alleges exonerates him is not "new evidence" and was available to Mostella at the time of his guilty plea.

Finally, Mostella argues the magistrate judge failed to assess his claim of an unconstitutional search and seizure. (Doc. 17 at 10-11). However, the magistrate judge explicitly noted this claim was not exhausted[1] because Mostella "did not raise his unconstitutional search and seizure claim . . . in any state court proceeding" and, because "another Rule 32 petition would be barred as successive or untimely . . . [it is] procedurally defaulted" without a showing it falls into an exception. (Doc. 14 at 6-7).

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be DISMISSED. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

---

[1] Mostella briefly argues the requirement that he exhaust state remedies is "not the law." However, he is mistaken. *See* 28 U.S.C. § 2254(b).

**DONE** AND **ORDERED** ON MARCH 29, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704